# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DeCARLO L. DENNY,**
      Plaintiff,

    v.                                                  Case No. 12-CV-01028

**OCONTO POLICE DEPARTMENT,**
**BERNIE FAITH, JOHN DOE OFFICERS, and**
**SGT. JAQUART,**
      Defendants.

---

## DECISION AND ORDER

On November 26, 2012, I issued an order indicating that this case would be reopened if plaintiff paid his initial partial filing fee of $10.08 by December 21, 2012. Plaintiff has paid his initial partial filing fee, so I will reopen this case, consider plaintiff's motion for leave to proceed in forma pauperis and screen plaintiff's complaint.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $10.08 and a subsequent partial filing fee of $10.08. Therefore, I will grant his motion for leave to proceed in forma pauperis.

Next, I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer*

*v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff complains of harassment by the police department in connection with a hit and run case in which plaintiff was not involved. Officers measured and searched plaintiff's car several times on Farnsworth Street in Oconto, Wisconsin, and on September 7, 2010, defendant Bernie Faith offered plaintiff's girlfriend a reward to state that it was plaintiff who hit and killed an elderly man. Plaintiff also alleges that he was brought in handcuffs and shackles to testify at the trial of another man who was accused of the crime, a man whose defense was that it was plaintiff who struck and killed the man. As a result of these actions, plaintiff avers that his name has been slandered in the community, and that he has lost many opportunities and been unable to find proper employment because people treat him differently. He also claims that, at the John Doe hearing, Sgt. Jaquart actually apologized for the severe harassment. Plaintiff seeks $100,000, which he says still will not repay him or his family for the pain defendants have caused.

As an initial matter, I have reviewed plaintiff's information on the Wisconsin Department of Corrections Offender Locator (http://offender.doc.state.wis.us/lop/home/do) and the Wisconsin Court System's Circuit Court Access website (wcca.wicourts.go). My review suggests that plaintiff was never charged with or convicted of any crime having to do with a hit and run or homicide. With that information, I will proceed to consider plaintiff's claims. Plaintiff describes his legal theory as harassment and slander. However, with an

eye towards potential constitutional claims, I view the conduct described as either malicious prosecution or a violation of equal protection.

The Court of Appeals for the Seventh Circuit has made it clear that malicious prosecution is not a constitutional tort unless the state does not provide any remedy for malicious prosecution, *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir. 2001) ("the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution"), and the State of Wisconsin recognizes the tort of malicious prosecution. *See Strid v. Converse*, 111 Wis. 2d 418 (Ct. App.1994). Thus, plaintiff's only possible claim is for a violation of equal protection.

The traditional function of the Equal Protection Clause of the Fourteenth Amendment is to "guard against state and local government discrimination on the basis of race, national origin, sex, and other class-based distinctions." *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). "The Equal Protection Clause has also come to be understood to protect individuals against purely arbitrary government classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes." *Id.* To state a class of one equal protection claim, plaintiff must allege that he was "treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* (quoting *Engquist v. Oregon Dept. of Agriculture*, 553 U.S. 591, 601 (2008). And class of one claims may be brought based on allegations of the irrational or malicious application of law enforcement powers. *Id.* ("Although the police are necessarily afforded wide discretion in performing their duties, that discretion does not extend to discriminating against or harassing people.").

4

Nonetheless, class of one claims must be defined appropriately so that they do not turn "many ordinary and inevitable mistakes by government officials into constitutional violations and federal lawsuits." *Id.*

> One element of a proper class-of-one claim is a wrongful act that necessarily involves treatment departing from some norm or common practice. But the purpose of entertaining a class of one equal protection claim is not to constitutionalize all tort law nor to transform every claim for improper provisions of municipal services or for improper conduct of an investigation in connection with them into a federal case. The appropriate limiting principle must be tailored to the type of government action at issue.

*Id.* (citing *McDonald v. Village of Winnetka*, 371 F.3d 992, 1009 (7th Cir. 2004)) (quotations omitted). "[I]n the context of complicated government investigations or prosecutions, we have relied on careful application of the similarly-situated requirement to distinguish between unfortunate mistakes and actionable, deliberate discrimination." *Id.* at 747–48. "When the parties raise a serious question whether differences in treatment stem from a discriminatory purpose or from a relevant factual difference, the key evidence is often what was done in the investigation or prosecution of others in similar circumstances." *Id.* at 748.

While it is possible that defendants had a rational basis for their aggressive investigation of plaintiff for this crime, none is evident on the face of the complaint. Accordingly, at this stage, plaintiff may proceed on a class of one equal protection claim.

Next, I must consider the appropriate defendants. Plaintiff names the Oconto Police Department[1] as a defendant, along with Bernie Faith, and Sergeant Jaquart, both

---

[1] On the first page of the complaint, plaintiff identified the Oconto County Police Department as a defendant, but then he refers to the Oconto Police Department on page two. He later asks for a civil action against Oconto County on page four. From the context, I have discerned that plaintiff intends to name the Oconto Police Department, a division of

5

employees of the department. He also states that it was "several officers of the dept," but mostly Bernie Faith. A police department is not a suable entity under § 1983. *Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997). In *Best*, the Seventh Circuit "adjusted the caption accordingly" to name the City of Portland rather than the Portland Police Department. *Best*, 554 F.3d at 698. I will do the same and substitute the City of Oconto for the Oconto Police Department.

A municipality cannot be held liable under § 1983 solely on the grounds of *respondeat superior*, but the government as an entity is responsible "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts may fairly be said to represent official policy, inflicts the injury." *Monell v. City of New York Department of Social Services*, 436 U.S. 658, 691 (1978). To hold a defendant municipality liable under Section 1983, plaintiff must demonstrate the constitutional deprivation was caused by "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by officers." *Id.* at 690. There must be a direct causal link between the alleged unconstitutional deprivation and the municipal policy or custom at issue. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Liberally construing plaintiff's pro se complaint, I will allow him to proceed on a claim against the City of Oconto. Plaintiff also may proceed against defendants Bernie Faith, Sgt. Jaquart, and John Does officers. Although Sgt. Jaquart apologized to plaintiff at the John Doe hearing, this implies that he was involved in something for which he needed or wanted

---

the municipality, not Oconto County.

to apologize. Plaintiff will have to use discovery to identify the John Doe officers he mentions in his complaint.

**THEREFORE, IT IS ORDERED** that this action is **REOPENED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [DOCKET #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon defendants Bernie Faith, Sgt. JAQUART, and the City of Oconto pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that defendants Faith, JAQUART, and City of Oconto shall file responsive pleadings to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $329.84 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the

7

account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>Honorable Lynn Adelman
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

8

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge